UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAULINE E. LASHER,              :

    Plaintiff,                  :

                                           CIVIL ACTION NO.

v.                              :

                                           1:05-CV-02643-MHS

DAY & ZIMMERMAN                 :
INTERNATIONAL, INC.,
                                :
    Defendant.

                                :

**<u>ORDER</u>**

Presently before the Court are the Magistrate Judge's Non-Final Report and Recommendation ("R&R") and defendant's objections to the R&R. The Court's conclusions and rulings are set forth below.

<u>Background</u>

Plaintiff Pauline E. Lasher brought this suit against her employer, defendant Day & Zimmerman International, Inc. ("Day"), in the Superior Court of Fulton County on September 8, 2005. Plaintiff alleges sexual harassment, gender discrimination, hostile work environment, and retaliation in violation of Title VII.

Plaintiff also brings state law claims for negligent retention and intentional infliction of emotional distress.[1]

On October 13, 2005, defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. On October 20, 2005, defendant moved to dismiss plaintiff's complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Defendant argued that Title VII's specific venue provision, 42 U.S.C. § 2000e-5(f)(3),[2] governed venue in this case rather than the general venue statute of 28 U.S.C. § 1391[3] or the venue provision found for removed cases in 28 U.S.C. §

---

[1] See the R&R for a further discussion of the facts.

[2] Title 42 of the United States Code Section 2000e-5(f)(3) provides the following: Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

[3] Title 28 of the United States Code Section 1391(b) provides the following:
A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a

(continued...)

2

1441.[4] Defendant argued that venue was improper in this Court pursuant § 2000e-5(f)(3) of Title VII and instead venue was proper in South Carolina. Accordingly, defendant moved to dismiss plaintiff's federal and state law claims.

Plaintiff argued in response that the provisions of the removal statute, 28 U.S.C. § 1441, governed venue in this case and that venue was proper pursuant to this statute. Plaintiff further argued that even § 2000e-5(f)(3) applied, venue was still proper in this Court.

The R&R concluded that § 1441 governed venue in this case and that pursuant to this statute, venue was proper in this Court. The R&R further

---

[3](...continued)
judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

[4] Title 28 of the United States Code Section 1441(a) provides the following: Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3

concluded that even pursuant to § 2000e-5(f)(3) of Title VII, venue was still proper in this Court. The R&R recommended denying defendant's motion to dismiss. Defendant's objections to the R&R are now before the Court.

Discussion

When a party raises objections to a R&R, the Court must make a de novo determination as to any part of the disposition to which the party objects. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The Court may modify, reject, or accept, in whole or in part, the R&R. Id.

In its objections to the R&R, defendant notes that it appears that the Magistrate Judge may have inadvertently overlooked defendant's reply brief. Although the Magistrate Judge did not specifically mention the reply brief in the R&R, the Court concludes that the Magistrate Judge did consider defendant's reply brief which was filed two months before the Magistrate Judge reached her conclusion. In any event, the Court has conducted a de novo review of the matter and considered all of the arguments related to defendant's motion that are before the Court.

AO 72A
(Rev.8/82)

I. Whether § 1441 or § 2000e-5(f)(3) Governs Venue

In its objections to the R&R, defendant argues that Title VII's venue provision, § 2000e-5(f)(3), is mandatory and governs in this case. Defendant asserts that plaintiff cannot satisfy any of the venue provisions of § 2000e-5(f)(3) in bringing this matter in the Northern District of Georgia, and instead, § 2000e-5(f)(3) mandates that this action be brought in the District of South Carolina. In addition to repeating the arguments defendant made in its original motion and reply, defendant further explains that § 2000e-5(f)(3) attached when plaintiff filed her complaint in state court alleging Title VII violations against defendant. Thus, § 2000e-5(f)(3) controls regardless of whether the action is in state court or federal court and is not suspended merely by removing the matter to this Court.

Defendant then avers that should the Court determine that venue is proper in this Court, the Court should transfer the matter pursuant to 28 U.S.C. § 1404(a) to the Western District of South Carolina because it is the most convenient and appropriate forum.

Plaintiff did not file a response to defendant's objections or the request to transfer.

After a de novo review of the R&R, the Court agrees with the R&R's conclusion that the venue provision of the removal statute, 28 U.S.C. § 1441, governs in this case and not the venue provision found in § 2000e-5(f)(3) of Title VII. The Court agrees with the analysis of the R&R. In particular, the Court agrees with the application of the rationale of Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665-66 (1953),[5] to find that § 1441 governs in this case because the case was not "brought" to this Court but instead was removed to it.

Contrary to defendant's objections that the R&R's reliance on Polizzi is misplaced, the R&R's decision is supported by at least one other district court. See Lamusta v. Lawson Mardon Wheaton, Inc., No. Civ. A. 99-3931, 2000 WL 274013 (E.D. Pa. Mar. 10, 2000). In Lamusta, the plaintiff asserted claims under Title VII in Pennsylvania state court. The defendant then removed to the U.S. District Court for the Eastern District of Pennsylvania. Defendant filed a motion to transfer pursuant to 28 U.S.C. § 1404(a). The district court correctly noted that it could only transfer pursuant to § 1404(a) if venue was proper in the transferring court. The court explained that the plaintiff could not have sustained venue in that

---

[5] The R&R refers to the Supreme Court's decision as "Polozzi v. Cowles Magainzes, Inc. [sic]." For the record and to avoid any confusion, the Court notes that the correct citation is Polizzzi v. Cowles Magazines, Inc., 345 U.S. 663 (1953).

6

court pursuant to § 2000e-5(f)(3). Instead, the court held that venue was governed by the removal statute, § 1441, because the plaintiff had brought the case in state court and defendant had removed it to federal court. Therefore, the court concluded that venue was proper pursuant to the removal statute, and defendant could seek a transfer pursuant only to § 1404(a). Id. at *1-2.

The Court concludes that the R&R is correct that venue is proper in this Court because pursuant to § 1441(a) this Court embraces Fulton County Superior Court, the place where the action was pending. Accordingly, the Court adopts the part of the R&R that deals with this issue and modifies the R&R by supplementing its analysis with the relevant material above. The Court denies defendant's motion to dismiss for improper venue.

II. Venue Pursuant to § 2000e-5(f)(3)

Regarding the issue of venue pursuant to § 2000e-5(f)(3),[6] the only way that plaintiff would be able to sustain venue in this district is if the "unlawful

---

[6] The Court notes that this issue and analysis are moot given that Title VII's venue provision does not apply. However, the R&R discussed this issue in detail, and therefore, pursuant to a de novo review the Court will also review the R&R's conclusions with respect to this issue.

employment practice is alleged to have been committed" in "*any* judicial district in" Georgia. 42 U.S.C. § 2000e-5(f)(3) (emphasis added). This clause permits venue to lie *anywhere* in the relevant state. Richardson v. Ala. State Bd. of Educ., 935 F.2d 1240, 1248 (11th Cir. 1991). In her complaint, plaintiff alleges that she complained about harassment to Hal Bouknight. Defendant has presented the affidavit of Guy Starr, vice president of operations for Day who states that Hal Bouknight is the president of Day, works exclusively out of Day's South Carolina office, and all of plaintiff's contacts with Bouknight would have taken place in Greenville, South Carolina. Plaintiff further alleges in her complaint that Guy Starr acted abusively towards her, and Starr's affidavit states that all of his professional contacts with plaintiff took place in South Carolina. Plaintiff also contends in her complaint that Day retaliated against her and that Day retained employees engaged in offensive contact. Starr's affidavit states that Day does not operate or maintain an office within the State of Georgia and that all of the discriminatory conduct alleged by plaintiff would have taken place at Day's Greenville, South Carolina, office. Finally, plaintiff summarily states in her affidavit that several of the incidents of harassment occurred in "Georgia."

After a review of the record, the Court disagrees with the R&R that "reasonable and fairminded men in the exercise of impartial judgment might reach different conclusions" on this issue. Francosteel Corp. v. M/V Charm, 19 F.3d 624, 626 (11th Cir1994). Instead, the Court finds that reasonable persons could not arrive at any other verdict except that the alleged harassment did not occur in Georgia but in South Carolina. Thus, under this clause of § 2000e-5(f)(3) venue would lie in "any" judicial district of South Carolina.

The second clause of § 2000e-5(f)(3) provides that venue will lie in "*the* judicial district in which the employment records relevant to such practice are maintained and administered." (emphasis added). There is no dispute that Day's employment records are maintained and administered in its office in Greenville, South Carolina. Thus, venue would lie in the District of South Carolina under this clause.

Finally, the third clause of § 2000e-5(f)(3) provides that venue will lie in "*the* judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." (emphasis added). Plaintiff contends she would have worked in Augusta, Georgia, (or the Southern District of Georgia),

9

and defendant contends she would have worked in Greenville, South Carolina, (or the District of South Carolina). Regardless, there is no allegation that plaintiff would have worked in the Northern District of Georgia. Therefore, the R&R's conclusion that venue pursuant to this third clause of § 2000e-5(f)(3) would lie in this Court is incorrect.

Accordingly, although the issue of venue pursuant to § 2000e-5(f)(3) is moot, for the record the Court rejects the part of the R&R that deals with this issue and modifies the R&R by adding the analysis above.

III. Defendant's Request to Transfer Pursuant to 42 U.S.C. § 1404(a)

Defendant objects to the R&R's recommendation that venue not be transferred. Defendant did not raise the issue of transferring the case pursuant to 28 U.S.C. § 1404(a) in either its motion to dismiss or its reply in support of its motion. Therefore, the Magistrate Judge did not consider whether the case should be transferred to the District of South Carolina, and the R&R does not address this issue.

In addition, defendant states in its objections that it "moves" to transfer this case. The Court construes defendant's objection to be a motion to transfer. Plaintiff did not respond to defendant's request to transfer venue.

District courts "should be reluctant to address matters that were not presented nor considered by the Magistrate Judge." Papapanos v. Lufthansa German Airlines, No. 94-2667CIVMARCUS, 1996 WL 33155438 at *11 (S.D. Fla. Apr. 16, 1996). However, the Supreme Court has given courts wide discretion to decide whether to hear issues not presented to the court below based on the facts of individual cases, where injustice might otherwise result, or where the proper resolution is beyond any doubt. See Singleton v. Wulff, 428 U.S. 106, 121 (1976). In addition, plaintiff has not responded to defendant's request to transfer, and therefore it is deemed to be unopposed. LR 7.1B, N.D. Ga. Finally, the Court has familiarized itself with the issue of transfer in this case and conducted a de novo review, and therefore in the interest of judicial economy, the Court will rule on defendant's motion.

In support of its motion to transfer, defendant makes the following arguments: 1) that the suit could have been brought in the District of South

11

Carolina; 2) all of the allegedly discriminatory conduct occurred in Greenville, South Carolina; 3) all of the personnel documents pertinent to the case and witnesses, including Day employees, are located in Greenville; and 4) the public interest favors South Carolina since none of the underlying acts have a connection to Georgia.

Having found venue proper in this case, the Court may transfer the matter pursuant to § 1404(a).[7] A district court has broad discretion to transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a); Brown v. Conn. Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991). Unless it is clearly outweighed by other considerations, the plaintiff's choice of forum should not be disturbed. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). However, the plaintiff's choice of forum is accorded lesser weight where the forum lacks any significant connection with the underlying

---

[7] Defendant's motion to transfer pursuant to § 1404(a) is significant because venue must be proper in the transferring court in order for that court to transfer the matter. Interestingly, if the Court had agreed with defendant that § 2000e-5(f)(3) of Title VII governed venue in this case and therefore venue in this Court was improper, the Court may have transferred this case pursuant to 28 U.S.C. § 1406(a), the appropriate transfer statute when venue is improper in the transferring court.

claim or operative facts and neither the plaintiff nor the defendant is a resident of that forum. A.J. Taft Coal Co., Inc. v. Barnhart, 291 F. Supp. 2d 1290, 1310 (N.D. Ala. 2003); Prather v. Raymond Const. Co., Inc., 570 F. Supp. 278, 294 (N.D. Ga. 1983); see Bell v. K Mart Corp., 848 F. Supp. 996, 1000 (N.D. Ga. 1994).

First, the Court finds that this action "might have been brought" in the District of South Carolina because that court has both subject matter jurisdiction and personal jurisdiction over the suit and venue would have been proper pursuant to § 2000e-5(f)(3) of Title VII if the case had been brought there.[8]

Second, the Court finds that for the convenience of the parties and witnesses and due to the interests of justice, transfer is appropriate in this case. Plaintiff's choice of forum is given little weight because none of the underlying claims, events, or facts occurred in the Northern District of Georgia. Day does not have any offices in this district, or the State of Georgia for that matter, making South Carolina more convenient for defendant and Day employees who may be witnesses. In addition, all of plaintiff's employment records are located in South

---

[8] The Court points out that because the case would have been "brought" in the District of South Carolina, venue pursuant to the removal statute, § 1441, would be irrelevant and § 2000e-5(f)(3) would have applied and superseded § 1391.

AO 72A
(Rev.8/82)

Carolina. As Day has correctly pointed out, the center of gravity in this case is South Carolina, and therefore the Court will transfer this case pursuant to § 1404(a) to the District of South Carolina, Greenville Division.[9] See Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 655 (11th Cir. 1993).

Conclusion

For the foregoing reasons, the Court ADOPTS IN PART, REJECTS IN PART, and MODIFIES IN PART, the Magistrate Judge's R&R [#5]; DENIES defendant's motion to dismiss for improper venue [#2]; GRANTS defendant's motion to transfer [#6]; and TRANSFERS this matter pursuant to 28 U.S.C. § 1404(a) to the District of South Carolina, Greenville Division.

IT IS SO ORDERED, this 30th day of May, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

---

[9] Defendant moved to transfer to the "Western District of South Carolina." However, the Court notes that there is no "Western District" but only the "District of South Carolina." The Court assumes defendant meant to transfer to the Greenville Division.